# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6276 PA (RZx) | Date | August 29, 2013 |
|---|---|---|---|
| Title | Shannon Muller, et al. v. American Medical Systems, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

      Before the Court is a Notice of Removal filed by defendants American Medical Systems, Inc., American Medical Systems Holdings, Inc., Endo Pharmaceuticals, Inc., and Endo Health Solutions, Inc. ("Defendants"). Defendants assert that this Court has jurisdiction over the action brought against them by plaintiffs Shannon Muller, et al. ("Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

      In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6276 PA (RZx) | Date | August 29, 2013 |
|---|---|---|---|
| Title | Shannon Muller, et al. v. American Medical Systems, et al. | | |

      The sixty-six (66) plaintiffs in this action allege injuries from the surgical implantation of one or more AMS pelvic surgical mesh devices. For purposes of diversity, Plaintiffs are citizens of Massachusetts, Ohio, Virginia, California, Indiana, New Jersey, New Mexico, Texas, Georgia, Alabama, Kentucky, Tennessee, Utah, West Virginia, Florida, and Louisiana; Plaintiff Redethia Davis is a citizen of Delaware and Plaintiff Patricia Zeiber is a citizen of Pennsylvania; American Medical Systems, Inc. is a citizen of Delaware and Minnesota; American Medical Systems Holdings, Inc. is a citizen of Delaware and Minnesota; Endo Pharmaceuticals, Inc. is a citizen of Delaware and Pennsylvania; and Endo Health Solutions, Inc. is a citizen of Delaware and Pennsylvania.

      The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

      "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

      Here, Defendants argue that the citizenship of two plaintiffs, Redethia Davis and Patricia Zeiber, should be ignored for diversity purposes based on fraudulent misjoinder. In order for Plaintiffs to join their claims into a single action, the claims must (1) arise out of "the same transaction, occurrence, or series of transactions or occurrences;" and (2) contain "any question of law or fact common to all" plaintiffs. Fed. R. Civ. P. 20(a). Defendants cite Eleventh and Fifth Circuit cases in support of the doctrine of fraudulent misjoinder. "Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. Ala. 1996), abrogated on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000); accord In re Benjamin Moore & Co., 318 F.3d 626, 630-31 (5th Cir. 2002) (recognizing that misjoinder of plaintiffs should not be allowed to "circumvent diversity jurisdiction"). The Eleventh Circuit further stated, "[w]e do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder." Tapscott, 77 F.3d at 1360. However, other than the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6276 PA (RZx) | Date | August 29, 2013 |
|---|---|---|---|
| Title | Shannon Muller, et al. v. American Medical Systems, et al. | | |

Eleventh and Fifth Circuits, no other circuit court has adopted the fraudulent misjoinder doctrine; the Ninth Circuit has not expressly adopted it.  See Caouette v. Bristol-Myers Squibb Co., 2012 U.S. Dist. LEXIS 113980, 28-33 (N.D. Cal. Aug. 10, 2012).

 Several district courts "have criticized Tapscott, arguing that questions of joinder under state law do not implicate federal subject matter jurisdiction, federal jurisdiction is to be narrowly construed, and the fraudulent misjoinder doctrine has created an unpredictable and complex jurisdictional rule." In re Prempro Prods. Liab. Litig., 591 F.3d 613, 621-22 (8th Cir. 2010) (citing cases); see also In re Yasmin & Yaz Mktg., Sales Pracs. & Prods. Liab. Litig., 779 F. Supp. 2d 846, 854-55 (S.D. Ill. 2011) (citing cases). "Many of these courts also opine that the better approach is for parties to seek severance in state court prior to removal." Id. at 855; see also Caouette, 2012 U.S. Dist. LEXIS at 28-33.

 Even if the Court were to adopt the doctrine of fraudulent misjoinder and conclude that plaintiffs' claims are not properly joined in this action, it is not clear that the joinder is egregious or grossly improper.  See Tapscott, 77 F.3d at 1360; Prempro, 591 F.3d at 622-24 ("absent evidence that plaintiffs' misjoinder borders on a 'sham,' [the Court] decline[s] to apply Tapscott to the instant case"). Defendants have failed to carry their heavy burden of persuasion to demonstrate that the plaintiffs were fraudulently joined.  Thus, defendants have not met their burden to establish complete diversity of citizenship between the parties.  Accordingly, the Court remands this action to the Los Angeles County Superior Court, Case No. BC515042, for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

 IT IS SO ORDERED.